UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELANIE E. BROWN,

    Plaintiff,

v.

COWLITZ COUNTY, a Washington Municipal Corporation, and the Honorable STEPHEN M. WARNING, Judge of the Cowlitz County Superior Court, and the COWLITZ COUNTY SUPERIOR COURT,

    Defendants.

Case No. C09-5090 FDB

ORDER GRANTING SUPERIOR COURT JUDGE STEPHEN M. WARNING'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Cowlitz County Superior Court Judge Stephen M. Warning's motion for summary judgment of dismissal of Plaintiff's claims against him. The Court, having reviewed the pleadings, is fully informed and hereby grants the motion and dismisses Plaintiff's claims against Judge Warning for the reasons stated herein.

**Introduction and Background**

Plaintiff alleges violations of the Americans Disabilities Act (ADA), 42 U.S.C. § 12132; discrimination in violation of the Rehabilitation Act (RA), 29 U.S.C. § 794; and state law claims under the Washington State Law Against Discrimination RCW 49.60 et seq. These claims arise

ORDER - 1

out of plaintiff's use of an alleged service dog. Specifically, Plaintiff argues that she was denied access to Cowlitz County Superior Court while being accompanied by her service dog. Plaintiff further alleges she had to abandon her pro se lawsuit because she could not physically attend to court matters and has suffered discrimination due to her alleged disability, and financial and emotional damages.

Plaintiff names as defendants: (1) Cowlitz County, (2) Cowlitz County Superior Court, and (3) the Honorable Stephen M. Warning, Judge of Cowlitz County Superior Court.

Plaintiff seeks declaratory and injunctive relief that the Cowlitz County "Animals Restricted in County Buildings Policy" be declared invalid and rescinded, that employees and personnel of Cowlitz County be notified of the rescindment, that there be a public notification of the rescindment, that all County personnel receive ADA training, and a new policy be adopted by the County ensuring equal access to County facilities for persons with disabilities. Plaintiff also seeks an award of damages.

Plaintiff Melanie Brown filed a pro se lawsuit on March 18, 2008, in Cowlitz County Superior Court. Subsequent to filing her lawsuit, the Plaintiff, accompanied by her "service dog," entered the Cowlitz County courthouse a number of times without incident. Plaintiff had several hearings regarding her lawsuit before different judges, one of which was the Honorable Stephen M. Warning, a named defendant herein.

On July 10, 2008, plaintiff arrived at the Cowlitz County Courthouse to appear for a hearing before Judge Warning regarding her pro se lawsuit. Plaintiff claims she was stopped by a security officer and informed that a new County policy required that service dogs wear a vest and identifying sign, have a harness, and that she had to demonstrate what the dog does for her. She says she was asked by the security officer what her disability was that required a service dog. He, nonetheless, allowed Plaintiff and her "service animal" to enter the courthouse.

At the commencement of Plaintiff's hearing, Judge Warning asked Plaintiff what the dog did

ORDER - 2

for her in terms of her disability and said that the next time she brought the dog to his courtroom, she would have to bring a doctor's letter certifying the need for the dog.

On July 14, 2008, Plaintiff was once again at the courthouse for a hearing, although that hearing was not scheduled before Judge Warning. Plaintiff alleges she was stopped by a courthouse security officer who told her Judge Warning had issued an order preventing her from entering the courthouse. She claims she had proof from her doctor regarding her disability, but was nonetheless prevented from entering with her dog.

By letter dated July 15, 2008, addressed to Judge Warning, Plaintiff requested clarification of the order regarding admission to the Court as relayed by the security officer. Judge Warning responded by letter, dated July 22, 2008, explaining his observations and position regarding Plaintiff's alleged service dog. In that letter, Judge Warning stated that he would need proof of both Plaintiff's disability and that the dog met the ADA definition of service animal, which requires the animal to be "trained to provide assistance to an individual with a disability," before she would be allowed to bring the dog into the courthouse under the new policy. Judge Warning further informed Plaintiff that, based on his observations of the animal, he would need proof of her disability and that having the dog pull her was of some benefit to her. He also noted the dog smelled and people were forced to leave the courtroom to avoid the dog, and that she did not control the animal properly. Judge Warning stated that he was very supportive of service animals in all places, including his courtroom. He had assisted in training and socializing several service animals over the years and was therefore aware of appropriate behavior for a bona fide service animal.

On July 22, 2009, Plaintiff requested of the Presiding Judge that she be entitled to appear by regular telephone, instead of through the use of the Cowlitz County Court Call system, for a July 28, 2008 discovery motion. Plaintiff's request was based on a lack of financial resources to pay the Court Call fees. The County provisions for telephonic appearances permit the waiver of the fees by the Court. On July 25, 2008, Judge Warning issued an order granting Plaintiff's request to appear by

ORDER - 3

1 regular telephone.

2 Plaintiff states that on July 25, 2008, she was forced to abandon her lawsuit because she was
3 unable to enter the Court. Plaintiff did not appear for the July 28, 2008 hearing by regular
4 telephone, or otherwise.

5 On July 28, 2008, the Cowlitz County Board of Commissioners received a tort claim from
6 Ms. Brown. Plaintiff did not file a tort claim with the State of Washington.

7 Defendant Judge Warning moves for summary judgment.

### Standards for Summary Judgment

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

ORDER - 4

1 At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

## Judicial Immunity

It is well settled that judges are generally immune from suit for money damages. Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). However, absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform. Forrester v. White, 484 U.S. 219, 227 (1988). The Ninth Circuit has identified the following factors as relevant to the determination of whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

Duvall, at 1133; Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir.1999).

The Court concludes that Judge Warning was acting in a judicial capacity in the exercise of control of the conduct in his courtroom. See RCW 2.28.010; Badger v. Cardwell, 587 F.2d 968, 973 (9th Cir. 1978). Plaintiff's allegations concern acts conducted in the course of Judge Warning's judicial capacity. Thus, the claim for monetary damages against Judge Warning is subject to dismissal.

Plaintiff appears to concede that the claim for monetary damages against Judge Warning based upon the ADA, RA, and state law, is barred by the doctrine of absolute judicial immunity. Plaintiff asserts instead that she seeks declaratory and injunctive relief against Judge Warning, that is not subject to judicial immunity.

Judicial immunity does not bar Plaintiff's claims for injunctive or declaratory relief against

ORDER - 5

Judge Warning in his official capacity. See, e.g., Pulliam v. Allen, 466 U.S. 522 (1984); Partington v. Gedan, 961 F.2d 852 (9th Cir. 1992). However, Defendant argues, and the Court agrees, that Plaintiff's claim for declaratory and injunctive relief against Judge Warning should be dismissed for other reasons.

A review of the Complaint and request for declaratory and injunctive relief reveals that the relief sought is not directed at Judge Warning but at Cowlitz County. Judge Warning is being sued only in his official capacity as a county official enforcing a Cowlitz County policy governing the use of service animals in County facilities, so Plaintiff's claim against him duplicates her claim against the County and is subject to dismissal as redundant and duplicative. See, e.g., Badillo Santiago v. Garcia, 70 F. Supp.2d 84, 89 (D. P.R.1999).

Plaintiff's claim for declaratory and injunctive relief against judge Warning is subject to dismissal.

**ADA and RA Liability**

In addition to judicial immunity, to the extent that Plaintiff seeks to hold Judge Warning personally liable, there is no individual capacity liability under the ADA or RA. See Vinson v. Thomas, 288 F.3d 1145-56 (9th Cir. 2002); Becker v. Oregon, 170 F. Supp.2d 1061, 1067 (D. Or. 2001); Van Hulle v. Pacific Telesis Corp., 124 F. Supp. 2d 642 (N.D. Cal. 2000). Thus, the ADA and RA claims against Judge Warning are subject to dismissal.

**Rooker - Feldman Doctrine**

Plaintiff's Complaint against Judge Warning may also be construed as a challenge to "orders" entered by Judge Warning in the state court litigation instituted by Plaintiff Brown. Plaintiff cannot challenge the orders of a state court judge in federal court. See, Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Thus, to the extent Plaintiff is challenging the Judge's orders, these claims are subject to dismissal.

ORDER - 6

**Washington Claim Filing Statute**

Judge Warning is a Superior Court Judge in Cowlitz County, Washington. Superior Court judges are state officers. See RCW 43.03.012; Whatcom County v. State, 99 Wn. App. 237, 249, 993 P.2d 273 (2000). Judge Warning may also be considered a County employee. Bolin v. Kitsap County, 114 Wn.2d 70, 785 P.2d 805 (1990)(Superior court judges are officials of both the state and county).

As a mandatory condition precedent to commencing a lawsuit seeking tort damages against state officers, a plaintiff is required to file a tort claim with the State Office of Risk Management. RCW 4.92.100. Failure to file a claim in proper fashion results in dismissal of the suit. Levy v. State, 91 Wn. App. 934, 942, 957 P.2d 1272 (1998).

Plaintiff failed to file a State tort claim and, accordingly, the state law claims are subject to dismissal.

**Conclusion**

For the foregoing reasons, the Honorable Stephen M. Warning is entitled to summary judgment and the dismissal of all of Plaintiff's claims against him with prejudice.

ACCORDINGLY;

IT IS ORDERED:

The Honorable Stephen M. Warning's Motion for Summary Judgment [Dkt. # 14] is **GRANTED** and Plaintiff's claims against him are dismissed with prejudice..

DATED this 29th day of September, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7