UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELANIE E. BROWN,

    Plaintiff,

v.

COWLITZ COUNTY, a Washington Municipal Corporation, and the Honorable STEPHEN M. WARNING, Judge of the Cowlitz County Superior Court, and the COWLITZ COUNTY SUPERIOR COURT,

    Defendants.

Case No. C09-5090 FDB

ORDER GRANTING COWLITZ COUNTY AND COWLITZ COUNTY SUPERIOR COURT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Cowlitz County and Cowlitz County Superior Court's motion for summary judgment of dismissal of Plaintiff's claims. Plaintiff has not responded. The Court, having reviewed the pleadings, is fully informed and hereby grants the motion and dismisses Plaintiff's claims for the reasons stated herein.

**Introduction and Background**

Plaintiff alleges violations of the Americans Disabilities Act (ADA), 42 U.S.C. § 12132; discrimination in violation of the Rehabilitation Act (RA), 29 U.S.C. § 794; and state law claims under the Washington State Law Against Discrimination, RCW 49.60 et seq. These claims arise

ORDER - 1

out of plaintiff's use of an alleged service dog. Specifically, Plaintiff argues that she was denied access to Cowlitz County Superior Court while being accompanied by her service dog. Plaintiff further alleges she had to abandon her pro se lawsuit because she could not physically attend to court matters and has suffered discrimination due to her alleged disability, and financial and emotional damages.

Plaintiff names as defendants: (1) Cowlitz County, (2) Cowlitz County Superior Court, and (3) the Honorable Stephen M. Warning, Judge of Cowlitz County Superior Court. On September 29, 2009, this Court granted Judge Warning's motion for summary judgment

Plaintiff seeks declaratory and injunctive relief that the Cowlitz County "Animals Restricted in County Buildings Policy" be declared invalid and rescinded, that employees and personnel of Cowlitz County be notified of the rescindment, that there be a public notification of the rescindment, that all County personnel receive ADA training, and a new policy be adopted by the County ensuring equal access to County facilities for persons with disabilities. Plaintiff also seeks an award of damages.

Plaintiff Melanie Brown filed a pro se lawsuit on March 18, 2008, in Cowlitz County Superior Court. Subsequent to filing her lawsuit, the Plaintiff, accompanied by her "service dog," entered the Cowlitz County courthouse a number of times without incident. Plaintiff had several hearings regarding her lawsuit before different judges, one of which was the Honorable Stephen M. Warning, a named defendant herein.

On July 10, 2008, plaintiff arrived at the Cowlitz County Courthouse to appear for a hearing before Judge Warning regarding her pro se lawsuit. Plaintiff claims she was stopped by a security officer and informed that a new County policy required that service dogs wear a vest and identifying sign, have a harness, and that she had to demonstrate what the dog does for her. She says she was asked by the security officer what her disability was that required a service dog. He, nonetheless, allowed Plaintiff and her "service animal" to enter the courthouse.

ORDER - 2

At the commencement of Plaintiff's hearing, Judge Warning asked Plaintiff what the dog did for her in terms of her disability and said that the next time she brought the dog to his courtroom, she would have to bring a doctor's letter certifying the need for the dog.

On July 14, 2008, Plaintiff was once again at the courthouse for a hearing, although that hearing was not scheduled before Judge Warning. Plaintiff alleges she was stopped by a courthouse security officer who told her Judge Warning had issued an order preventing her from entering the courthouse. She claims she had proof from her doctor regarding her disability, but was nonetheless prevented from entering with her dog.

By letter dated July 15, 2008, addressed to Judge Warning, Plaintiff requested clarification of the order regarding admission to the Court as relayed by the security officer. Judge Warning responded by letter, dated July 22, 2008, explaining his observations and position regarding Plaintiff's alleged service dog. In that letter, Judge Warning stated that he would need proof of both Plaintiff's disability and that the dog met the ADA definition of service animal, which requires the animal to be "trained to provide assistance to an individual with a disability," before she would be allowed to bring the dog into the courthouse under the new policy. Judge Warning further informed Plaintiff that, based on his observations of the animal, he would need proof of her disability and that having the dog pull her was of some benefit to her. He also noted the dog smelled and people were forced to leave the courtroom to avoid the dog, and that she did not control the animal properly. Judge Warning stated that he was very supportive of service animals in all places, including his courtroom. He had assisted in training and socializing several service animals over the years and was therefore aware of appropriate behavior for a bona fide service animal.

On July 22, 2009, Plaintiff requested of the Presiding Judge that she be entitled to appear by regular telephone, instead of through the use of the Cowlitz County Court Call system, for a July 28, 2008 discovery motion. Plaintiff's request was based on a lack of financial resources to pay the Court Call fees. The County provisions for telephonic appearances permit the waiver of the fees by

ORDER - 3

the Court. On July 25, 2008, Judge Warning issued an order granting Plaintiff's request to appear by regular telephone.

Plaintiff states that on July 25, 2008, she was forced to abandon her lawsuit because she was unable to enter the Court. Plaintiff did not appear for the July 28, 2008 hearing by regular telephone, or otherwise.

On July 28, 2008, the Cowlitz County Board of Commissioners received a tort claim from Ms. Brown. Plaintiff did not file a tort claim with the State of Washington. The County subsequently rescinded the Animal Restricted in County Buildings Policy and enacted a new policy that provides for "task or function" requirements for service animals

**Standards for Summary Judgment**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the

ORDER - 4

governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

Plaintiff has failed to respond to the motion for summary judgment. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part that "[i]f a party fails to file the papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Although it is within the Court's discretion to view Plaintiff's failure to respond as acquiescence to the granting of the motion, the Court will review the motion on its merits to ensure entry of judgment is appropriate.

**Quasi-Judicial Immunity**

On September 29, 2009, this Court ruled that Judge Warning was acting in a judicial capacity in the exercise of control of the conduct in his courtroom and thus, entitled to absolute judicial immunity from suit. Absolute immunity extends to nonjudicial officers for claims relating to the exercise of judicial functions. Duvall v. County of Kitsap, 260 F.3d 1124, 1133-34 (9th Cir. 2001). Cowlitz County and the Cowlitz County Superior Court are entitled to quasi-judicial immunity for the act of the County deputy sheriff in conveying Judge Warning's order to Plaintiff.

**ADA and RA Liability**

The "task or function" inquiry initiated by Judge Warning in an effort to determine whether Plaintiff's dog was a bona fide service animal entitled to accompany the Plaintiff into the courthouse was a permissible inquiry pursuant to the Americans with Disabilities Act (ADA), and the denial of Plaintiff's admittance into the court house was not a violation of the ADA or RA, as a number of factors raised legitimate suspicions about whether the dog was indeed a service animal. See Dilorenzo v. Costco, 515 F. Supp 2d 1187 (W.D. Wash. 2007); Costo v. Grill, 312 F. Supp.2d 1349 (W.D. Wash. 2004); Prindle v. Ass'n of Apartment Owners, 304 F. Supp. 2d 1245) D. Haw. 2003).

**Declaratory and Injunctive Relief**

Plaintiff's request for declaratory and injunctive relief that Cowlitz County "Animal

ORDER - 5

Restricted in County Buildings Policy" be declared invalid and rescinded is subject to dismissal as moot. The County policy has been rescinded and replaced with a new policy that provided for "task or function" requirements for ADA service animals. See See NASD Dispute Resolution, Inc. v. Judicial Council, 488 F.3d 1065, 1068 (9th Cir. 2007); Hubbard v. 7-Eleven, Inc., 433 F. Supp.2d 1134 (S.D. Cal. 2006).

## Conclusion

For the foregoing reasons, there is no genuine issue of material fact and the Defendants Cowlitz County and Cowlitz County Superior Court are entitled to summary judgment of dismissal of Plaintiff's complaint.

ACCORDINGLY;

IT IS ORDERED:

Cowlitz County and Cowlitz County Superior Court's Motion for Summary Judgment [Dkt. # 22] is **GRANTED** and Plaintiff's claims are dismissed with prejudice..

DATED this 9th day of December, 2009.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6