UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELANIE E. BROWN,

    Plaintiff,

  v.

COWLITZ COUNTY, a Washington Municipal Corporation, and the Honorable STEPHEN M. WARNING, Judge of the Cowlitz County Superior Court, and the COWLITZ COUNTY SUPERIOR COURT,

    Defendants.

Case No. C09-5090 RBL

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINDINGS AND ORDERS UNDER RULE 60(B)(6)

This matter comes before the Court on Plaintiff's motion for relief from findings and orders pursuant to Fed. R. Civ. P. 60(b)(6) of this Court's Order granting Defendants' motion for summary judgment of dismissal of Plaintiff's claims. The Court, having reviewed the pleadings and the record herein, is fully informed and hereby **DENIES** the motion for the reasons stated herein.

**Introduction and Background**

Plaintiff seeks an order vacating the orders of this Court granting the motions for summary judgment of the Defendants Honorable Stephen M. Warning, and Cowlitz County and Cowlitz County Superior Court, dated September 29, 2009 and December 9, 2009, respectively. Plaintiff seeks relief from this Court based on the alleged ineffective assistance of her former counsel, though her case is on appeal to the Ninth Circuit Court of Appeals. Plaintiff asserts the ongoing gross negligence and inexcusable neglect of her counsel effectively deprived Plaintiff of the opportunity to properly present her case. Plaintiff's allegations of ineffective assistance of counsel are premised on her former counsel's failure to respond to Cowlitz County's motion for summary judgment and counsel's failure to present the case in a manner consistent with the wishes of Plaintiff.

ORDER - 1

Plaintiff's counsel did file a response and a declaration of Plaintiff in opposition to the motion for summary judgment of Defendant Judge Warning. Although no additional opposition materials were filed in response to the motion for summary judgment of Defendants Cowlitz County and Cowlitz County Superior Court, this Court elected to review the motion on the merits in determining that the entry of judgment in favor of these defendants was appropriate. Thereafter, Plaintiff's counsel filed a

motion for reconsideration supported by an additional declaration from the Plaintiff. This motion was also denied.

**Rule 60(b)(6) Relief**

Fed. R. Civ. P. 60(b)(6) provides that, on motion and just terms, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason [in addition to those categories specified in Rules 60(b)(1)-(5) ] that justifies relief. Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). See also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(explaining that a party moving for relief under catch-all provision of Rule 60(b)(6) must demonstrate both injury and that circumstances beyond his control prevented him from proceeding with the action in a proper fashion).

Where a client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6). Comty. Dental Servs. v. Tani, 282 F.3d 1164, 1167 n. 7 (9th Cir. 2002). In Tani, a defense attorney committed gross negligence when he "abandoned his duties as an attorney" by failing to file papers, failing to oppose a motion to strike his answer, and failing to attend hearings, which resulted in the entry of a default judgment against his client in the amount of almost two million dollars. Tani, 282 F.3d at 1167,

ORDER - 2

1171.  These actions were so egregious they could not "be characterized as simple attorney error or mere neglect."  Id., at 1171.

Mistakes resulting from attorney negligence, as opposed to gross negligence, "are more appropriately addressed through malpractice claims" rather than Rule 60(b).  Latshaw v. Trainer Wortham & Co., Inc, 452 F3d. 1097, 1101-1103 (9th Cir. 2006).

In Tani, the court expressly relied on the fact that the district court had entered a default judgment in that case.  Id. at 1169.  The court reasoned that "judgment by default is an extreme measure and a case should, 'whenever possible, be decided on the merits.' "  Id. at 1170.  When an attorney has "virtually abandoned his client," by failing to defend the client in defiance of court orders, the client has satisfied the "extraordinary circumstances" requirement of Rule 60(b)(6).  Tani, 282 F.3d at 1170-71.

Here, counsel cannot be considered to have abandoned his client.  Counsel filed pleadings in one of the motions for summary judgment, though not in the other.  Counsel did file a motion for reconsideration.  Further, Plaintiff was not subject to a default judgment, nor dismissal for failure to prosecute.  This Court entered judgment on the merits of the case.  This is not a case of extraordinary circumstances and Plaintiff was not subject to manifest injustice.  Thus, Plaintiff is not entitled to relief due to attorney abandonment or gross negligence under Rule 60(b)(6).

**Conclusion**

For the foregoing reasons, Plaintiff's motion for relief from findings and orders is denied.

ACCORDINGLY;

IT IS ORDERED:

ORDER - 3

1   Plaintiff Melanie Brown's Motion for Relief from Findings and Orders [Dkt. # 41] is

2   **DENIED**.

3   DATED this 19th day of April, 2010.

4   RONALD B. LEIGHTON
5   UNITED STATES DISTRICT JUDGE

26  ORDER - 4